UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARLON BERNIER, WILFREDO RAMOS, CARLOS SIERRA, and JOSE FRANCISCO LABORIEL, *individually and on behalf of others similarly situated*,

Plaintiffs,

-against-

GARD RECYCLING, INC., et al.,

Defendants.

23-CV-761 (VSB)

**OPINION & ORDER**

VERNON S. BRODERICK, United States District Judge:

On January 30, 2023, Plaintiffs Marlon Bernier, Wilfredo Ramos, Carlos Sierra, and Jose Francisco Laboriel filed suit against Defendants Gard Recycling Inc., DRC Group, Inc., Beverage Container Recycling Corporation (collectively, the "Corporate Defendants"), Gustavo Rodriguez, and Alex Doljansky (collectively, the "Individual Defendants") for failing to pay them minimum and overtime wages required by the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"), and violations of other NYLL provisions. (Doc. 1.) While Defendants were initially represented by counsel, on July 31, 2024, counsel for Defendants filed a motion to withdraw, which I granted. (Doc. 52.) In the order granting the withdrawal, I indicated that Corporate Defendants cannot proceed pro se. (*Id.*) After Defendants failed to communicate with Plaintiffs' counsel or the court, the Clerk of Court issued Certificates of Default as to all Defendants on May 21, 2025. (Docs. 78–82.) On July 2, 2025, after holding a show cause hearing, I entered default as to liability against all Defendants. (Doc. 99.) That same day, I referred the case to Magistrate Judge Sarah Netburn for an inquest on damages. (Doc.

100.)

On April 22, 2026, Magistrate Judge Netburn issued a 29-page Report and Recommendation (the "Report and Recommendation" or "Report") recommending that Plaintiffs be awarded a total of $452,792.31 in damages plus all applicable interest as follows:

> (1) For Bernier, $80,174.23 in actual damages, consisting of $4,914.53 in unpaid overtime wages, $65,259.70 in retaliation back pay, and $10,000.00 in emotional-distress damages, plus nine percent prejudgment simple interest calculated from May 2, 2022, to the date of judgment;
>
> (2) Bernier is also entitled to liquidated damages of $24,914.53, reflecting $4,914.53 in liquidated damages for overtime violations and $20,000 in retaliation liquidated damages.
>
> (3) For Ramos, $42,497.72 in unpaid minimum wage and overtime damages, plus nine percent prejudgment simple interest calculated from April 16, 2021, to the date of judgment;
>
> (4) Ramos is also entitled to liquidated damages of $42,497.72.
>
> (5) For Laboriel, $87,883.60 in unpaid minimum wage and overtime damages, plus nine percent prejudgment simple interest calculated from January 30, 2020, to the date of judgment;
>
> (6) Laboriel is also entitled to liquidated damages of $87,883.60.
>
> (7) For Sierra, $15,409.08 in unpaid overtime damages, plus nine percent prejudgment simple interest calculated from November 1, 2021, to the date of judgment;
>
> (8) Sierra is also entitled to liquidated damages of $15,409.08.
>
> (9) $20,000.00 in wage-notice damages under NYLL § 198(1-b), consisting of $5,000.00 each to Plaintiffs Bernier, Ramos, Sierra, and Laboriel;
>
> (10) $20,000.00 in wage-statement damages under NYLL § 198(1-d), consisting of $5,000.00 each to Plaintiffs Bernier, Ramos, Sierra, and Laboriel;
>
> (11) $14,715.75 in attorneys' fees; and
>
> (12) $1,407.00 in costs.

(Doc. 110 ("Report) at 27–28.) Magistrate Judge Netburn further recommend that "Plaintiffs be awarded post-judgment interest at the federal rate from the date judgment is entered until the

date Defendants pay." (*Id.* at 28.)

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). "To accept the report and recommendation of a magistrate [judge], to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985); *see also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) ("I am permitted to adopt those sections of a magistrate judge's report to which no specific objection is made, so long as those sections are not facially erroneous." (internal quotation marks omitted and alterations adopted)).

Although the Report explicitly provided that "[t]he parties shall have 14 days from the service of this Report and Recommendation to file written objections," (Report 29), no party filed an objection or requested additional time to do so. I have reviewed Magistrate Judge Netburn's Report and Recommendation for clear error and, after careful review, find none. I therefore ADOPT the Report and Recommendation in its entirety. The Clerk of Court is respectfully directed to terminate this case.

SO ORDERED.

Dated: October 6, 2026
New York, New York

Vernon S. Broderick
United States District Judge